**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50351 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01134-SJO-1 |
| v. | |
| LORENZO OSVALDO GONZALEZ-ROBLES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted March 5, 2015
Pasadena, California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Lorenzo Gonzalez-Robles was convicted of conspiracy to import marijuana, 21

U.S.C. § 963, importation of marijuana, 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(G),

possession with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii),

and possession with intent to distribute marijuana on board a vessel, 46 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

70503(a)(1). He appeals his convictions and sentences, alleging erroneous jury instructions, prosecutorial misconduct, and improper admission of expert testimony. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** The district court did not err in giving Ninth Circuit Model Criminal Jury Instruction 8.23. Although that instruction arguably contained one minor misstatement, taken as a whole, the instructions made clear that in order to convict, the jury was required to find that Gonzalez participated in a conspiracy that had marijuana smuggling as its object. *See United States v. Dearing*, 504 F.3d 897, 903 (9th Cir. 2007).

**2.** The district court did not err in refusing to give a multiple conspiracy instruction. The government did not urge, nor did the evidence support the existence of, multiple discrete, uncharged conspiracies. *See United States v. Eubanks*, 591 F.2d 513, 517-18 (9th Cir. 1979) (explaining when a multiple conspiracies instruction is required).

**3.** Gonzalez claims that statements made by the prosecutor in rebuttal argument misstated the law about the mental state required to establish participation in a conspiracy. Because Gonzalez did not object to the statements at trial, we review for plain error. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1150 (9th Cir. 2012). Under the plain error standard, reversal is only warranted if (1) the statement

was improper and (2) substantially prejudiced the defendant. *United States v. Sanchez,* 659 F.3d 1252, 1256 (9th Cir. 2011). Under plain error review, even if both prongs of the test are met, "[t]he plain error doctrine 'authorizes the Courts of Appeals to correct only particularly egregious errors . . . that seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Bracy,* 67 F.3d 1421, 1432 (9th Cir. 1995) (quoting *United States v. Young,* 470 U.S. 1, 15 (1985)). That is not the case here.

**a.** The jury was properly instructed that to convict Gonzalez of conspiracy to import marijuana, it had to find that "there was an agreement between two or more persons to bring marijuana into the United States," and that Gonzalez "joined in the agreement knowing of its purpose and intending to help accomplish that purpose." The prosecutor's rebuttal argument, however, improperly suggested that Gonzalez could be convicted even if he had no intent to import marijuana.

**b.** The prosecutor's misstatements, however, did not undermine the fundamental fairness of the proceeding. The case against Gonzalez was strong; he was arrested on a boat laden with marijuana, admitted he knew marijuana was there from the time he boarded the boat, and admitted that he was a mechanic and in need of money. An expert testified that panga crews typically include a mechanic who is paid up to $10,000, and that marijuana smugglers never take on passengers who are

3

not involved in the smuggling. The district court not only properly instructed the jury on the intent required for conspiracy, but also emphasized that it was not to treat closing statements as evidence and was required to follow the court's instructions on the law. *See United States v. Segna*, 555 F.2d 226, 232 (9th Cir. 1977) (noting that accurate instructions can "mitigate the prejudicial effect" of an erroneous closing argument).

**4.** The district court properly exercised its gatekeeper function under Federal Rule of Evidence 702 before allowing Special Agent LeVan to give expert testimony. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463-64 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 55 (2014). During a pre-trial hearing on motions in limine, the judge (a) recognized the topics of Agent LeVan's proposed testimony, (b) recognized his CV, (c) found that "modus operandi" testimony was acceptable, (d) cited Ninth Circuit case law to support this finding, (e) acknowledged that Rule 702 requires an expert be qualified and the testimony be helpful to the jury, and (f) concluded that "it would appear that Agent LeVan can testify." A separate *Daubert* hearing was not required. *Id.*

**5.** Agent LeVan's modus operandi testimony also satisfied the reliability requirements of Rule 702. We have repeatedly found that law enforcement may give modus operandi testimony in drug smuggling and conspiracy cases. *See United States*

4

*v. Valencia-Amezcua*, 278 F.3d 901, 909 (9th Cir. 2002) (collecting cases); *United States v. Kearns*, 61 F.3d 1422, 1427 (9th Cir. 1995). Agent LeVan was qualified, and his testimony was grounded in specialized knowledge.

**6.** Agent LeVan's testimony did not violate Federal Rule of Evidence 704(b) by addressing Gonzalez's mental state. The expert "never directly commented on *defendant's* mental state, and the jury could have accepted his testimony and still infer that defendant was atypical." *United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005), *abrogated on other grounds as stated in United States v. Vongxay*, 594 F.3d 1111, 1116 (9th Cir. 2010); *see also United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997) (en banc).

**7.** Nor did the testimony channel others' statements in violation of the Confrontation Clause. "'An expert witness's reliance on evidence that *Crawford* would bar . . . only becomes a problem where the witness is used as little more than a conduit or transmitter for testimonial hearsay.'" *United States v. Gomez*, 725 F.3d 1121, 1129-30 (9th Cir. 2013) (quoting *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009)), *cert. denied*, 134 S. Ct. 1908 (2014). Agent LeVan did not refer to any specific statements, arguments, or information from sources, but made only general assertions about panga boat smuggling.

**8.** The district court did not abuse its discretion under Federal Rule of Evidence 403 in admitting the modus operandi testimony, which was plainly relevant and did not pose an undue risk either of jury confusion or unfair prejudice.

**AFFIRMED.**